IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK06-40787-TLS |
| | ) | |
| RICHARD STEVEN UHRENHOLDT, | ) | CH. 12 |
| | ) | |
| Debtor. | ) | |

## **ORDER**

This matter was presented to the Court on a Motion to Compel (Fil. #108) payment of post-petition tax filed by the United States Internal Revenue Service ("IRS"), and an Objection by Debtor (Fil. #114). Joe M. Hawbaker appeared for Debtor, and Henry N. Carriger, Special Assistant United States Attorney appeared on behalf of the IRS. A Stipulation (Fil. #143) of the parties as to material facts was introduced and made a part of the record.

The question presented is whether the self-employment tax liability arising primarily from Debtor's sale of grain in tax year 2006 is subject to treatment under 11 U.S.C. § 1222(a)(2)(A) as an unsecured claim not entitled to priority.

Debtor filed this Chapter 12 proceeding on July 3, 2006. The confirmed plan provides that any claim currently owing, or that comes to be owing to a governmental unit, "which claim arises out of the sale of assets used in the Debtor's farming operation (which sale occurred or occurs pre-petition or post-petition during the pendency of this case) shall be treated under 11 U.S.C. § 1222 as a general unsecured claim . . . ." That section of the Bankruptcy Code provides as follows:

> (a) The plan shall –
> . . . (2) provide for the full payment, in deferred cash payments, of all claims entitled to priority under section 507, unless –
> > (A) the claim is a claim owed to a governmental unit that arises as a result of the sale, transfer, exchange, or other disposition of any farm asset used in the debtor's farming operation, in which case the claim shall be treated as an unsecured claim that is not entitled to priority under section 507, but the debt shall be treated in such manner only if the debtor receives a discharge [.]

In 2006, both prior to and after the filing of the petition, Debtor sold corn that was raised as part of Debtor's 2005 crop. Since the tax return for those 2006 sales came due post-petition, the parties agree that the taxes arising from the sales are post-petition taxes. The amount of the 2006 post-petition taxes at issue is $16,578.00, plus accruing penalties and interest.

The IRS asserts that the corn sold in 2006 was raised in 2005 and was the "product" of Debtor's farming operation. That is, the corn was raised for the purpose of being sold. Debtor asserts that he changed his operation in 2006 in that he no longer raised crops but instead focused on Holdt Farms, Inc., a Nebraska corporation, which is a custom cattle feeding operation that he

owned with his father. Therefore, Debtor began using the 2005 corn crop as feed for the custom cattle feeding operation. Eventually, Debtor caused Holdt Farms to purchase the balance of the 2005 corn on hand in order to satisfy Debtor's lender secured by that corn. The self-employment tax due from the sale of corn is the tax at issue.

The IRS first argues that § 1222(a)(2)(A) does not apply to post-petition taxes of an individual debtor. However, this Court has already found on several occasions that post-petition taxes arising from the sale of farm assets used in Debtor's farming operation are the type of taxes subject to treatment under 11 U.S.C. § 1222(a)(2)(A). *See In re Schilke,* 379 B.R. 899 (Bankr. D. Neb. 2007); *In re Gartner*, Case No. BK06-40422 (Bankr. D. Neb. Dec. 29, 2008); and *In re Rickert*, Case No. BK06-40253 (Bankr. D. Neb. Jan. 9, 2009). The United States District Court for the District of Nebraska affirmed the *Schilke* decision upon appeal by the IRS. *United States v. Schilke (In re Schilke)*, No. 4:07CV3283, 2008 WL 4224279 (D. Neb. Sep. 9, 2008).[1] The *Schilke* decision is consistent with decisions by District Courts in Iowa and Arizona. *In re Knudsen,* 389 B.R. 643 (N.D. Iowa 2008); *In re Hall,* 393 B.R. 857 (D. Ariz. 2008). There is no contrary authority at this time. Accordingly, since this specific issue has already been decided by this Court and affirmed by the United States District Court in the *Schilke* case, I will follow that precedent.

The primary issue presented is whether the sale of corn in 2006 by Debtor is a sale "of any farm asset used in the debtor's farming operation" pursuant to § 1222(a)(2)(A). The IRS argues that this Court should not adopt an expansive interpretation of the clause "used in the debtor's farming operation" as the United States District Court for the Northern District of Iowa did in *Knudsen*. Specifically, the *Knudsen* court concluded that the Code should be liberally construed and the only requirement for § 1222(a)(2)(A) to apply is that the "use" of the "farm asset" sold or otherwise disposed of must be for some purpose of the reorganization plan. *In re Knudsen,* 389 B.R. at 664. Therefore, according to the *Knudsen* court, products or inventory of the farming operation could qualify. In *Knudsen*, the court determined that the liquidation by the debtor of slaughter hogs (as distinguished from breeding livestock) was not merely the marketing of a product of the farming operation, but was a disposition of farm assets pursuant to the reorganization of the debtor's farming operation from a farrow-to-finish operation to a custom feeding operation.

If this Court were to adopt the expansive interpretation of "used in debtor's farming operation" discussed by the district court in *Knudsen*, it is clear that the taxes at issue would qualify for treatment under § 1222(a)(2)(A). Debtor was discontinuing his agricultural operation and focusing instead on Holdt Farms, the custom cattle feeding operation he owned jointly with his father. Instead of marketing the grain to third parties, Debtor was using the 2005 corn crop as feed for Holdt Farms, both before and after bankruptcy filing. Since the sale of the corn to Holdt Farms was not merely the marketing of a product of the farming operation, but a disposition of the farm asset pursuant to the reorganization of the operation, the *Knudsen* analysis would result in the taxes qualifying for treatment under § 1222. The IRS, of course, asserts that the district court in *Knudsen*

---

[1]The United States has filed its notice of appeal from the United States District Court to the Eighth Circuit Court of Appeals.

erred in giving such a broad interpretation to the clause "used in the debtor's farming operation." Instead, since the corn was the "product" of the farming operation, it was not "used in" the farming operation to produce the product.

However, the IRS' argument overlooks an important fact. The evidence (Affidavit of Debtor (Fil. #147)) shows that in 2006 Debtor discontinued raising new crops and began feeding the 2005 crop to cattle that he was custom feeding through the Holdt Farms entity. Thus, Debtor was clearly using the 2005 corn in his reorganized 2006 farming operation. It was used as feed for his own feeding operation. It was not marketed as a farm product for sale to third parties. The facts of this case are somewhat unique where a farmer changed his operations such that his crop changed from a "product" to an asset used in his custom feeding operation. Accordingly, it is not necessary to decide whether the expansive definition used by the district court in *Knudsen* was appropriate. Under the unique facts presented, Debtor is entitled to treat the self-employment or income tax arising from the sale of the 2005 corn pursuant to 11 U.S.C. § 1222(a)(2)(A).

IT IS, THEREFORE, ORDERED that the Motion to Compel (Fil. #108) payment of post-petition tax is denied.

DATED: January 26, 2009.

BY THE COURT:

/s/ Thomas L. Saladino
Chief Judge

Notice given by the Court to:
    Joe M. Hawbaker
    *Henry N. Carriger
    James A. Overcash
    U.S. Trustee

Movant(*) is responsible for giving notice to other parties if required by rule or statute.